IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| BRUCE E. STRAUSS, | ) | |
| | ) | |
|     Appellant/Trustee, | ) | |
| vs. | ) | Case No. 5:15-CV-6059-ODS |
| | ) | |
| RANDI KATHLEEN HAINES, | ) | |
| | ) | |
|     Appellee/Debtor. | ) | |

ORDER AFFIRMING BANKRUPTCY COURT'S MEMORANDUM OPINION
AND ORDER OVERRULING TRUSTEE'S OBJECTION TO EXEMPTION

Before the Court is an appeal from the Bankruptcy Court's Memorandum Opinion and Order Overruling Trustee's Objection to Exemptions. Doc. #3-9. For the reasons below, the Bankruptcy Court's Order is AFFIRMED.

I. BACKGROUND

The facts relevant to this appeal are undisputed. Debtor Randi Kathleen Haines filed a Chapter 7 bankruptcy in December 2012. Her original schedules did not include a brokerage account with an approximate value of $198,383.00. Debtor later amended her bankruptcy schedules to include the brokerage account, listing the account as held in tenancy by the entirety (with her spouse) and claiming the brokerage account was exempt. Doc. #3-2, at 1, 6.

Trustee Bruce Strauss objected to Debtor's claimed exemption. Doc. #3-3. He argued that the account application for the brokerage account identified the owners – Debtor and her spouse – as joint tenants with rights of survivorship, not tenants by the entirety. Doc. #3-1. Debtor responded to the objection, arguing she and her spouse are joint owners of property, and in Missouri, it is presumed that the ownership is as tenants by the entirety, and the checking of a box for "joint tenants" on the application did not defeat the presumption that the account was held as a tenancy by the entirety. Doc. #3-4, at 1-2.

On May 21, 2014, the Honorable Cynthia A. Norton held a hearing on Trustee's objection to the claimed exemption. Doc. #3-5. Thereafter, the parties briefed the issue. On April 14, 2015, the Bankruptcy Court entered an order overruling Trustee's objection to Debtor's claimed exemption. Doc. #3-9.

Trustee appeals the Bankruptcy Court's decision to this Court. Trustee raises two issues: (1) the Bankruptcy Court erred in finding that the brokerage account is owned by Debtor and her spouse as tenants by the entirety, and (2) the Bankruptcy Court erred in considering parol evidence and by finding that Trustee did not have standing to object to the inclusion of parol evidence.

## II. STANDARD OF REVIEW

"When a bankruptcy court's judgment is appealed to the district court, the district court acts as an appellate court and reviews the bankruptcy court's legal determinations de novo and findings of fact for clear error." In re Falcon Products, Inc., 497 F.3d 838, 840-41 (8th Cir. 2007) (citations omitted).

## III. DISCUSSION

### A.

Section 522(b)(3)(B) of the Bankruptcy Code exempts property held with a non-debtor spouse as tenants by the entirety. 11 U.S.C. § 522(b)(3)(B); see also In re Bellingroehr, 403 B.R. 818, 820 (Bankr. W.D. Mo. 2009). Tenants by the entirety is a form of marital property ownership created by common law, and the Missouri legislature has codified a presumption that spouses own certain types of property in that form. See e.g., Mo. Rev. Stat. § 362.470 (joint bank account).[1] Any conveyance of property to a husband and wife is presumed to create a tenancy by the entirety. See e.g., Nelson v. Hotchkiss, 601 S.W.2d 14, 17-19 (Mo. banc 1980); Capital Bank v. Barnes, 277 S.W.3d 781, 782 (Mo. Ct. App. 2009) (citation omitted); In re Stanke, 234 B.R. 439, 441 (Bankr. W.D. Mo. 1999) (citations omitted).

---

[1] The parties do not cite any Missouri statute pertaining to the property interest to be applied to brokerage accounts. Both the Bankruptcy Court and this Court have been unable to locate such a statute. Thus, as both parties argue and the Bankruptcy Court found, Missouri common law applies.

2

The Missouri Supreme Court held that "[t]he presumption that a conveyance to husband and wife creates an estate by the entirety may be overcome only by a clear and express declaration." Nelson, 601 S.W.2d at 20; see also Capital Bank, 277 S.W.3d at 782 (citation omitted) (finding he presumption of tenancy by the entirety can be rebutted "if the weight of the evidence leaves the trial judge with no doubt that the property was not held as a tenancy by the entirety."). The question facing the Bankruptcy Court (and now, this Court) was whether checking a box next to "Joint Tenants with Right of Survivorship" on a brokerage account application overcomes the presumption of creating a tenancy by the entirety.

While no Missouri case is precisely on point, several Missouri cases provide guidance. In Nelson, the Missouri Supreme Court considered whether a deed stating the property was granted as "joint tenants with right of survivorship… and not as tenants in common" rebutted the common law presumption of a tenancy by the entirety. 601 S.W.2d at 19. The Court found that where the only evidence of the parties' intention of ownership was "the words on the face of the deed," the parties must use a limiting phrase – such as, "and not as tenants by the entirety" – to negate the presumption that the property is conveyed as tenants by the entirety. Id. at 20. Because the deed did not include a limiting phrase, the Supreme Court found that the property was held as a tenancy by the entirety. Id.

Similarly, in Scott v. Flynn, the Missouri Court of Appeals considered whether a money market account owned by a married couple was held as a tenancy in the entirety when the money market account card included the pre-printed designation of "Joint Tenants with Right of Survivorship." 946 S.W.2d 248, 250 (Mo. Ct. App. 1997). The Court of Appeals found that "absent a specific disclaimer that the account is not being held as tenants by the entirety, an account card signed by a husband and wife as joint tenants with right of survivorship must be considered a tenancy by the entirety." Id. at 251-52. Because the money market account card did not include a specific disclaimer, the Court found that the money market account was held as a tenancy by the entirety. Id. at 251; see also Brown v. Mercantile Bank of Poplar Bluff, 820 S.W.2d 327, 333-36 (Mo. Ct. App. 1991) (finding that a husband and wife's certificate of deposit was held as a tenancy by the entirety even though the face of certificate of deposit expressed that the owners were "joint tenants with right of survivorship (and not as tenants in

3

common)"). Trustee has not cited a single Missouri case that is analogous to the facts presented in this appeal.

Here, the application for the brokerage account identified the owners as joint tenants with rights of survivorship, not tenants by the entirety. Doc. #3-1. The application, however, did not use a limiting phrase or include a disclaimer expressly stating that the brokerage account was <u>not</u> held as tenants by the entirety. Applying Missouri law, the Bankruptcy Court properly found that the brokerage account was held as a tenancy by the entirety, and therefore, was exempt. The Bankruptcy Court's decision is affirmed.

<u>B.</u>

Trustee also sets forth two arguments regarding parol evidence. First, Trustee contends the Bankruptcy Court erred in allowing parol evidence to interpret the account application. This argument is without merit because the Bankruptcy Court specifically stated only the account application was considered. (Doc. #3-9, at 14.)

Trustee's other argument – to wit, that the Bankruptcy Court erred in finding Trustee did not have standing to object to the inclusion of parol evidence – is also without merit. As set forth above, the Bankruptcy Court did not consider parol evidence in rendering its decision, rendering this argument moot. Second, even if the Court were to look beyond the fact that the Bankruptcy Court did not consider parol evidence in rendering its decision, Trustee failed to establish that he meets the legal and factual requirements to invoke the parol evidence rule. <u>See</u> Doc. #3-9, at 14. Thus, the Bankruptcy Court's decision is affirmed.

<u>IV. CONCLUSION</u>

The Order of the Bankruptcy Court (Doc. #3-9) is AFFIRMED.

IT IS SO ORDERED.

DATE: September 1, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT

4